# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ERIC RASKAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-1220-HEA |
| | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

Self-represented Plaintiff Eric Raskas brings this action under 42 U.S.C. § 1981, seeking monetary damages and injunctive relief. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff Eric Raskas brings this suit against his former employer, defendant Uber Technologies, Inc., after being fired as an Uber driver "due to false allegations of unsafe driving and discriminatory treatment based on his racial and religious identity." ECF No. 1 at 2. Plaintiff alleges that he received negative feedback from customers that was based on "discriminatory biases related to [Plaintiff's] visible Jewish identity, rather than the quality of his driving or service." *Id.*

Plaintiff's factual allegations are as follows. Plaintiff started working for Uber as a driver in May 2024 and primarily provided rides within parts of St. Louis that he describes as having "predominantly African-American populations." *Id.* at 3. While Plaintiff worked as a driver, he

"frequently wore visible symbols of his Jewish faith, including a yarmulke." According to Plaintiff, these religious symbols "often resulted in hostile or passive-aggressive behavior from passengers."

On August 23, 2024, Uber penalized Plaintiff for a phone-use violation while driving. Plaintiff admitted to using his phone for navigation but did not think he should be penalized for that, given that there were "no legal restrictions in Missouri on phone use while driving." In addition, on some unspecified date, Plaintiff provided a ride to a customer who he picked up from a nightclub. That passenger "falsely accused Plaintiff of unsafe driving due to racial and religious bias." Plaintiff states that he "experienced multiple instances of passive hostility and biased ratings from passengers in predominantly African-American areas." These passengers "often showed contempt towards Plaintiff due to his religious identity, leading to low ratings and complaints." At some point, Plaintiff's Uber account was "waitlisted" and then deactivated due to these low ratings and complaints. Plaintiff alleges that Uber "failed to take appropriate steps to investigate these claims, which were rooted in bias rather than actual performance issues." The loss of his Uber-driver employment has resulted in significant financial loss to Plaintiff, emotional distress, and irreputable harm to Plaintiff's reputation. *Id.*

Plaintiff asserts two legal claims against defendant Uber: 42 U.S.C. § 1981 discrimination and defamation. *Id.* at 3-6. Plaintiff alleges that Uber "failed to protect" him from discrimination in violation of § 1981 and allowed biased passenger ratings to result in his loss of employment. *Id.* at 5. Furthermore, Plaintiff claims that the false reviews of unsafe driving caused "significant harm to Plaintiff's reputation" and that Uber's failure to verify the claims, resulted in reputational harm and financial damage.

Plaintiff asserts that this federal court has jurisdiction over this matter based on diversity jurisdiction; but there appears to be federal question jurisdiction here as well, since Plaintiff brings

suit under federal statute 42 U.S.C. § 1981. *Id.* at 2-5. For relief, Plaintiff seeks ten (10) million dollars in compensatory and punitive damages, and an injunction "compelling Uber Technologies, Inc. to eliminate its current passenger-driver rating system, which allows manipulation based on racial, religious, or other biases." *Id.* at 2 & 5. Plaintiff also asks the Court to mandate defendant Uber to implement a new driver evaluation method that is "fair, equitable, and free from discriminatory bias." *Id.*

### Discussion

Plaintiff seeks relief under 42 U.S.C. § 1981, which guarantees that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). According to the United States Supreme Court, § 1981 "affords a federal remedy against discrimination in private employment on the basis of race." *Runyon v. McCrary*, 427 U.S. 160, 172 (1976). However, section 1981 does not address selectivity on the categories of sex or religion. *Id.* at 167.

In order to state a prima facie case of racial discrimination under § 1981, a plaintiff must allege: (1) that he is a member of a protected class; (2) that defendant acted with discriminatory intent; (3) that he engaged in a protected activity; and (4) that defendant interfered with that activity. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023). The discriminatory intent element requires evidence of intent by defendant, not merely speculation. *Id.*

In this case, Plaintiff alleges discrimination "based on his racial and religious identity." ECF No. 1 at 2. However, Plaintiff never informs the Court of his own race, only the race of many of his customers. The Court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914. Because Plaintiff has failed to plead that he is a member of a protected class, he has not satisfied the first required element of a § 1981 prima facie case. In addition, to establish a § 1981 claim, a plaintiff must demonstrate that the defendant

purposefully and intentionally discriminated against him on the basis of race. *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Edwards v. Jewish Hosp. of St. Louis*, 855 F.2d 1345, 1351 (8th Cir. 1988). Plaintiff here fails to do so. Although Plaintiff alleges that his passengers gave him poor ratings due to discriminatory intent, Plaintiff never asserts that defendant Uber acted with such intent. Nor does Plaintiff provide evidence of discriminatory intent on Uber's part. The instant complaint contains no facts indicating that defendant Uber was motivated by purposeful racial discrimination against Plaintiff. And private employer Uber has no duty, under § 1981, to protect Plaintiff from discriminatory treatment by others. As a result, Plaintiff has also failed to satisfy the second required element of a prima facie case of § 1981 discrimination.

Furthermore, all of Plaintiff's allegations of discriminatory behavior by Uber passengers are based on his "visible Jewish identity" and how he "frequently wore visible symbols of his Jewish faith, including a yarmulke." ECF No. 1 at 3-4. To the extent Plaintiff is asserting a claim under § 1981 based on religious discrimination, this claim is subject to dismissal as § 1981 does not provide protection for discrimination on that basis. *See Rouse v. Benson*, 193 F.3d 936, 943 (8th Cir. 1999) (affirming district court's dismissal of § 1981 claim because plaintiff "presented no evidence tending to show that he was discriminated against on the basis of race"); *Occhino v. Northwestern Bell Tel. Co.*, 675 F.2d 220, 224 (8th Cir. 1982) (dismissing § 1981 claim as "patently meritless" where plaintiff, "a white male," made no allegations that an alleged § 1981 claim was "due to racial discrimination"); *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1317 (7th Cir. 1984) (affirming district court's dismissal of plaintiff's § 1981 claim brought for sex discrimination because § 1981 "applies only to alleged discrimination on the basis of race or alienage.") For these reasons, Plaintiff's complaint fails to state a claim under § 1981 and must be dismissed.

Finally, Plaintiff also asserts a claim of defamation against defendant Uber, but he does state the legal basis for such claim. ECF No. 1 at 5. Plaintiff alleges that the false reviews of unsafe driving that he received caused reputational harm, emotional distress, and financial damage. To the extent Plaintiff is attempting to assert a defamation claim under federal statute 42 U.S.C. § 1983, it is well settled that defamation, standing alone, does not constitute a constitutional violation actionable under § 1983. *Brayman v. U.S.*, 96 F.3d 1061, 1066 (8th Cir. 1996) (citing *Siegert v. Gilley*, 500 U.S. 226, 233 (1991)). As such, the Court construes this claim as being brought under Missouri state law.

"Under Missouri law, the elements of defamation are (1) publication (2) of a defamatory statement (3) that identified the plaintiff, (4) that is false, (5) that is published with the requisite degree of fault, and (6) that damages the plaintiff's reputation." *Johnson v. Usera*, 695 S.W.3d 272, 285 (Mo. Ct. App. 2024) (quoting *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 70 (Mo. banc 2000)). "Under Missouri law, a person publishes a defamatory statement by communicating the defamatory matter to a third person." *Gray v. AT&T Corp.*, 357 F.3d 763, 765-66 (8th Cir. 2004) (citing *Rice v. Hodapp*, 919 S.W.2d 240, 243 (Mo. 1996)). In this case, Plaintiff does not allege that defendant Uber published a defamatory statement to a third party that identified Plaintiff. Plaintiff only alleges that he was fired, and that the loss of employment caused him reputational harm. He does allege that any defamatory publication by Uber caused this harm. As such, Plaintiff's complaint fails to state a claim of defamation under Missouri law.

## Conclusion

Plaintiff's motion to proceed without prepayment of fees and costs will be granted. However, this case will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff is clear about the claims he wishes to bring, and it is apparent that the problems with the

complaint would not be cured by permitting Plaintiff to file an amended pleading.[1]  Plaintiff's

complaint will therefore be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*

[ECF No. 2] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to

issue upon the complaint because the complaint fails to state a claim upon which relief can be

granted.  Plaintiff's claims against defendant Uber Technologies, Inc. are **DISMISSED without**

**prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this  17th day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] The Court will not liberally construe this action as seeking relief under Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful for an employer to discriminate against an individual because of his race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  However, to initiate a claim under Title VII, a party must timely file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and receive a right-to-sue letter.  *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000).  There is no indication here that Plaintiff has filed a charge of discrimination with the EEOC or received a right-to-sue letter.